COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Frank and Kelsey
Argued at Richmond, Virginia


WAYNE R. McDOWELL, II, S/K/A
  RODERICK McDOWELL
                                                          OPINION BY
v.        Record No. 0200-10-2              JUDGE ROBERT P. FRANK
                                                          NOVEMBER 23, 2010
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
Edward L. Hogshire, Judge

J. Lloyd Snook, III (Snook & Haughey, P.C., on brief), for appellant.

Eugene Murphy, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


        Wayne R. McDowell, II, s/k/a Roderick McDowell, appellant, was convicted, in a bench

trial, of fraudulent conversion of leased property, in violation of Code § 18.2-118.  On appeal, he

challenges the sufficiency of the evidence, specifically that the notice requirements of Code

§ 18.2-118(b) had not been met.  For the reasons stated, we affirm.

BACKGROUND

        On August 10, 2006, appellant signed a lease purchase agreement with Premier Rental

Purchase (Premier) for a television set valued at $1,499.  The agreement provided for a lease term of

thirty-six months, yet appellant made payments for only five or six months.  The agreement listed

appellant's address as 1800 Jefferson Park Avenue.

        The agreement provided, *inter alia*:

                TITLE and TERM:  You (Lessee) are renting the rental property
                described above.  You may use and possess the property so long as
                you make timely renewal rental payments and fully comply with
                all the terms of this agreement.  Timely payments are rental

payments made in advance with no grace period. We (Lessor) own the title to the property and are entitled to possession of the property when this agreement is terminated.

You (Lessee) have no ownership rights to the property unless you fully comply with all the terms of this agreement. Once the total number of payments have [sic] been made to fulfill the terms of this agreement, title will be transferred to Lessee.

OWNERS RIGHT TO PROPERTY: The owner and its agents, upon the termination of this agreement are specifically authorized to take possession of the rented property.

TERMINATION: By Us: We may terminate this agreement at any time if you violate the conditions or terms of this agreement.

AUTOMATIC EXPIRATION: This agreement will automatically expire upon your failure to make the renewal rental payment date shown by the Next Due Date on the receipt which is hereby incorporated by reference.

LOCATION OF PROPERTY: You agree to keep the rental property at the address listed above during the term of this agreement. If you move the property without written permission, this agreement will be terminated.

In January 2007, John Pitts, manager of accounts at Premier, contacted appellant concerning a delinquent payment. Pitts met appellant at appellant's apartment at 1800 Jefferson Park Avenue, Apartment B-37, in Charlottesville, Virginia. Appellant agreed to bring his account current and did so. Appellant soon fell behind in his payments. Pitts attempted to contact appellant by telephone, but determined that appellant's telephone number was no longer in service. Pitts then went to the same Jefferson Park Avenue address but found no one there. On the first few visits to the apartment, Pitts noticed furniture inside. On later visits, Pitts could no longer see any furniture. As nobody answered his knocking, Pitts left notes asking for a response, but received none.

On May 1, 2007, Premier sent a certified letter to 1800 Jefferson Park Avenue, Apartment B-37, Charlottesville, Virginia. The letter, styled "Final Notice," advised appellant that because of past due payments, his account had been terminated. The letter further advised

appellant that his failure to return the television within ten days might result in prosecution pursuant to Code § 18.2-118.  The certified letter was returned to Premier undelivered because the premises were "vacant."[1]

At trial, appellant moved to strike the Commonwealth's evidence because the notice letter, which was mailed to 1800 Jefferson Park Avenue, Apartment B-37, Charlottesville, Virginia, was not the address listed on the agreement, i.e., 1800 Jefferson Park Avenue. Appellant reasoned that this was not in compliance with Code § 18.2-118 and, therefore, the Commonwealth did not prove an intent to defraud.

The trial court rejected that argument, concluding the Commonwealth had complied with the notice provisions of Code § 18.2-118.  Finding no evidence to rebut the Commonwealth's *prima facie* case, the trial court convicted appellant of violating the statute.

At sentencing, appellant was also tried for a probation violation.  The Commonwealth's Attorney argued that appellant committed two robbery offenses and murder while he was on probation.  Without any reference to the failure to return the television, the Commonwealth asked that all of the previously suspended time be imposed.  The court revoked the previously suspended sentence.

This appeal follows.

ANALYSIS

On appeal, appellant contends the notice sent by certified mail to appellant at 1800 Jefferson Park Avenue, Apartment B-37, Charlottesville, Virginia, did not comply with Code § 18.2-118 in two significant ways:  (1) The notice was not mailed to appellant "at the address of lessee stated in the lease . . ."; and (2) the notice did not advise appellant "that the lease or rental

---

[1] It was stipulated that the defendant was in custody from April 27, 2007, until the time of trial.

period . . . ha[d] expired." Appellant, on brief, concedes the second argument was not preserved below but invokes the Rule 5A:18 "ends of justice" exception. Thus, appellant concludes that since the Commonwealth did not satisfy the notice requirements of Code § 18.2-118(b), it did not have the benefit of the *prima facie* showing of the requisite "intent to defraud" and there was no other evidence of such an intent.[2]

Therefore, the issue before this Court is whether the notice sent by Premier satisfies the written notice requirements of Code § 18.2-118(b).[3] Appellant does not argue 1800 Jefferson Park Avenue, Apartment B-37, Charlottesville, Virginia, is an inaccurate address. His sole

---

[2] Code § 18.2-118 states in relevant part:

> (a) Whenever any person is in possession or control of any personal property, by virtue of or subject to a written lease of such property, except property described in § 18.2-117, and such person so in possession or control shall, with intent to defraud, sell, secrete, or destroy the property, or dispose of the property for his own use, or fraudulently remove the same from the Commonwealth without the written consent of the lessor thereof, or fail to return such property to the lessor thereof within ten days after expiration of the lease or rental period for such property stated in such written lease, he shall be deemed guilty of the larceny thereof.

> (b) The fact that such person signs the lease or rental agreement with a name other than his own, or fails to return such property to the lessor thereof within ten days after the giving of written notice to such person that the lease or rental period for such property has expired, shall be prima facie evidence of intent to defraud. For purposes of this section, notice mailed by certified mail and addressed to such person at the address of the lessee stated in the lease, shall be sufficient giving of written notice under this section.

[3] In his brief, appellant also argues there was no evidence appellant sold, secreted or destroyed the leased television set. We will not address this issue because the issue was not presented to this Court as an assignment of error. Rule 5A:20(c) mandates that these issues are waived, because they are not part of appellant's assignments of error. See Winston v. Commonwealth, 51 Va. App. 74, 82, 654 S.E.2d 340, 345 (2007) (holding that because an appellant did not include an argument in his questions presented (now assignments of error), the Court would not address it on appeal); see also Hillcrest Manor Nursing Home v. Underwood, 35

argument is that by adding "Apartment B-37, Charlottesville, Virginia" to the address, the notice provision has not been satisfied and therefore the Commonwealth is not entitled to the *prima facie* showing of "intent to defraud."

Appellant compares the notice requirement of Code § 18.2-118 to Code § 18.2-200.1, the construction fraud statute, which provides in part that one is guilty of larceny "if [the contractor] fails to return such advance within fifteen days of a request to do so sent by certified mail, return receipt requested to his last known address or to the address listed on the contract."

Appellant cites Jimenez v. Commonwealth, 241 Va. 244, 402 S.E.2d 678 (1991), to support his argument. In Jimenez, the Commonwealth did not prove the accused was sent a written notice or that he failed to return the advance within fifteen days of such demand. Id. at 247, 402 S.E.2d at 679. The Supreme Court of Virginia concluded:

> A criminal statute, such as Code § 18.2-200.1, must be strictly construed. We think it clear that the General Assembly meant what it said, i.e., that a person accused of violating the statute cannot be convicted unless the evidence proves beyond a reasonable doubt, *inter alia*, that the accused "fail[ed] to return [the] advance within fifteen days of a request to do so," and that the request was "sent by certified mail, return receipt requested."

Id. at 251, 402 S.E.2d at 681.

Appellant concludes that when a statute specifies a method for giving notice, the method must be strictly followed. We agree with that statement, but it does not resolve the issue before us.

> [T]his Court reviews the trial court's [interpretation of a statute] *de novo*. The basic rules of statutory construction require this Court to determine intent from the words used in the statutes at issue. "Although penal laws are to be construed strictly [against the Commonwealth], they ought not to be construed so strictly as to defeat the obvious intent of the legislature." Carter v. Commonwealth, 38 Va. App. 116, 125, 562 S.E.2d 331, 335

Va. App. 31, 39 n.4, 542 S.E.2d 785, 789 n.4 (2001) (declining to consider an issue on appeal because it was not "expressly stated" in the questions presented).

(2002) (alteration in <u>Carter</u>) (quoting <u>Willis v. Commonwealth</u>, 10 Va. App. 430, 441, 393 S.E.2d 405, 411 (1990)).  "'[A] statute should never be construed so that it leads to absurd results.'"  <u>Id.</u> (quoting <u>Branch v. Commonwealth</u>, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992)).

<u>Herron v. Commonwealth</u>, 55 Va. App. 691, 697, 688 S.E.2d 901, 904 (2010) (other citations omitted).

The plain language of the statute creates a method for the lessee to be made aware that the lease has expired and that he can avoid criminal prosecution by returning the property within ten days.  A lessee's failure to do so gives rise to a *prima facie* showing of "intent to defraud." Notice must be mailed by certified mail and addressed to lessee at the address stated in the lease.

Appellant argues that there was additional information in the address, namely, an apartment number and the city.[4]  He cites no cases, nor can we find any, which invalidate a notice because the mailing address added an apartment number that more accurately reflected appellant's correct address.

Indeed, the notice was mailed to 1800 Jefferson Park Avenue, the address stated in the lease agreement.  Appellant, in his brief, conceded 1800 Jefferson Park Avenue was an apartment complex and it is likely that there were at least seventy-four units in the building.  The addition of the apartment number and city heightened the likelihood that appellant would receive the notice.  While receipt of notice is not required under the statute, actual receipt of the notice may result in the return of the leased property, certainly a preferred alternative to a criminal charge.

---

[4] To the extent that appellant argues Apartment B-37 was not the correct address, we note that the "Customer Order Form" executed simultaneously with the lease agreement shows appellant's address to be 1800 Jefferson Park Avenue, Apartment B-37, Charlottesville, Virginia, 22906.

We conclude that adding the apartment number and city to the address stated in the lease agreement did not violate the notice requirements of Code § 18.2-118. The address on the notice omitted nothing, but contained more accurate information. Nothing in the address would misdirect the delivery of the notice. See McCary v. Commonwealth, 42 Va. App. 119, 131, 590 S.E.2d 110, 116 (2003) (finding that when notice was mailed to the correct address but a wrong zip code, absent a showing that a similar address at the incorrect zip code existed, the notice was proper). To accept appellant's argument that adding a more specific designation to a correct address violates the statute defies common sense. We will not interpret a statute so as to lead to an absurd result. Meeks v. Commonwealth, 274 Va. 798, 802, 651 S.E.2d 637, 639 (2007). This analysis is not inconsistent with the strict rules of statutory construction. We simply find that providing a more precise address does not violate the statute. Therefore, the Commonwealth was entitled to the *prima facie* showing of "fraudulent intent."

Appellant next argues the notice did not advise him that the lease or rental period had expired. He points to the language in the May 1, 2007 "Final Notice" which advised appellant that his account had been terminated. Appellant acknowledges he did not raise this issue below but maintains the "ends of justice" exception to Rule 5A:18 should apply. He posits that the evidence clearly shows that an element of the offense, fraudulent intent, had not been proven because the Commonwealth was not entitled to the *prima facie* showing. He cites no authority for his "ends of justice" argument; he simply makes the assertion.

When the appeal was filed, Rule 5A:18[5] provided that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the

---

[5] Effective July 1, 2010, Rule 5A:18 now provides in part:

> No ruling of the trial court or the Virginia Workers' Compensation Commission will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the

grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." "The ends of justice exception to Rule 5A:18 is narrow and is to be used sparingly." Copeland v. Commonwealth, 42 Va. App. 424, 442, 592 S.E.2d 391, 399 (2004). "In order for the exception to apply, '[t]he record 'must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred.'" Akers v. Commonwealth, 31 Va. App. 521, 528 n.2, 525 S.E.2d 13, 16 n.2 (2000) (quoting Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997)).

The "appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur." Redman, 25 Va. App. at 222, 487 S.E.2d at 273. "Therefore, 'in examining a case for miscarriage of justice, we do not simply review the sufficiency of the evidence under the usual standard, but instead determine whether the record contains affirmative evidence of innocence or lack of a criminal offense.'" Wheeler v. Commonwealth, 44 Va. App. 689, 692, 607 S.E.2d 133, 135 (2005) (quoting Lewis v. Commonwealth, 43 Va. App. 126, 134, 596 S.E.2d 542, 546 (2004)).

Appellant does not claim failure to return leased property is not a criminal offense. Thus, for the ends of justice exception to apply, the record must contain evidence affirmatively proving that appellant had no intent to defraud. However, this is not appellant's theory of "ends of justice." Appellant contends the Commonwealth failed to prove this element. "In order to show that a miscarriage of justice has occurred, an appellant must demonstrate more than that the Commonwealth *failed* to prove an element of the offense." Redman, 25 Va. App. at 221, 487 S.E.2d at 272-73 (emphasis in original). The evidence clearly indicates appellant leased the

---

ruling, except for good cause shown or to enable the Court of
Appeals to attain the ends of justice.

- 8 -

television set, did not pay for it, failed to return it nor did he contact Premier to explain his failures.

Here, even if the *prima facie* showing of "fraudulent intent" is unavailable to the Commonwealth, there is no affirmative proof that such intent was lacking. We therefore will not consider this contention.

Finally, appellant challenges the revocation of a prior suspended sentence because of his contention that his conviction under Code § 18.2-118 was improper. This issue was not raised in appellant's petition for appeal nor was it an assignment of error.

This issue is barred under Rule 5A:12(c) which at the time the petition was filed, provided that "only questions presented in the petition for appeal will be noticed by the Court of Appeals." "Only those arguments presented in the petition for appeal and granted by this Court will be considered on appeal." McLean v. Commonwealth, 30 Va. App. 322, 329, 516 S.E.2d 717, 720 (1999) (*en banc*). Further, unlike Rule 5A:18, Rule 5A:12 contains no "good cause" or "ends of justice" exception. See Thompson v. Commonwealth, 27 Va. App. 620, 626, 500 S.E.2d 823, 826 (1998).

CONCLUSION

For the foregoing reasons, we find that the trial court properly found that the Commonwealth had complied with the notice provisions of Code § 18.2-118 and the evidence was sufficient to find appellant guilty. We further conclude that the ends of justice provision of Rule 5A:18 does not apply to appellant's failure to preserve the issue of whether appellant was served with an adequate notice that his lease had expired. Accordingly, the appellant's conviction is affirmed.

Affirmed.