COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Petty and Beales
Argued at Chesapeake, Virginia


RICHARD HOPFER

MEMORANDUM OPINION[*] BY

v.      Record No. 1013-10-1      JUDGE RANDOLPH A. BEALES
JUNE 7, 2011

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF MATHEWS COUNTY
R. Bruce Long, Judge

Patricia Palmer Nagel (The Law Offices of Patricia Palmer Nagel,
P.L.C., on brief), for appellant.

Susan M. Harris, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


In a bench trial, Richard Hopfer (appellant) was convicted of felony destruction of property,

in violation of Code § 18.2-137.  On appeal, appellant argues that the amount of loss suffered by the

victims was not $1,000 or more, and, therefore, the evidence at trial was insufficient to convict him

of a felony offense.  See Code § 18.2-137(B).  For the following reasons, we affirm.

I. BACKGROUND[1]

It is undisputed for the purposes of this appeal that appellant vandalized the victims'

property, damaging six window screens, several truck tires, an outdoor patio bar, and an outdoor

grill.  One of the victims, J.S., testified about the cost of the damaged items.  J.S. produced an

estimate from Home Depot indicating that the six damaged window screens would cost $2,837 to

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] On appeal, we view the evidence in the light most favorable to the Commonwealth, "as
we must" since the Commonwealth prevailed in the trial court.  Riner v. Commonwealth, 268 Va.
296, 330, 601 S.E.2d 555, 574 (2004).

replace.[2]  In addition, J.S. testified that replacing the truck tires would cost a total of $951.50. Moreover, J.S. testified that the damaged patio bar was worth between $400 and $500 and that the damaged patio grill was worth about $200 to $300.

Appellant did not object to any of the Commonwealth's evidence, did not cross-examine any witnesses, and did not present any defense evidence.[3]  During his closing argument, appellant claimed that he was not the perpetrator of the vandalism.  He did not present any argument to the trial court concerning the value of the victims' damaged property or any argument questioning the amount of the damages, including the extent to which that property was damaged.

When the trial court found appellant guilty of felony destruction of property, appellant challenged only the trial court's finding that he was the perpetrator.  Furthermore, at the sentencing hearing, neither appellant nor his court-appointed attorney challenged the trial court's finding that the damage to the victims' property was $1,000 or more.  Thus, the trial court was never asked to reconsider its finding that appellant was guilty under the felony provision of Code § 18.2-137(B).

## II. ANALYSIS

Code § 18.2-137(A) prohibits any person from "unlawfully destroy[ing], defac[ing], damag[ing] or remov[ing] without the intent to steal any property, real or personal," that is not the person's own property.  Code § 18.2-137(B) states, "If any person intentionally causes such injury, he shall be guilty of (i) a Class 1 misdemeanor if the value of or damage to the property, memorial or monument is less than $ 1,000 or (ii) a Class 6 felony if the value of or damage to the property, memorial or monument is $ 1,000 or more."

---

[2] J.S. explained that this estimate included the cost of fitting specially made window screens and window frames – as well as the cost of labor and a warranty.

[3] At trial, appellant waived his right to counsel and represented himself *pro se*.  He has never argued that his waiver of counsel was not knowingly and voluntarily made.  At the sentencing hearing, appellant was represented by a court-appointed attorney.

On appeal, appellant does not challenge the trial court's finding that he intentionally damaged the victims' property. Instead, appellant asserts that the trial court erred in finding that the damage to the victims' property was $1,000 or more – the amount required to convict appellant of felony destruction of property under Code § 18.2-137(B).

Appellant argues that the introduction into the record of J.S.'s testimony regarding the cost to replace the damaged window screens violated the rule against hearsay. However, given that appellant did not object to this testimony at the time it was offered, appellant has failed to preserve this argument for appeal under Rule 5A:18. See Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986) ("To be timely, an objection must be made when the occasion arises – at the time the evidence is offered or the statement made.").

Appellant contends that he made a sufficiently timely objection to this hearsay evidence when he claimed – at the conclusion of the *sentencing* hearing – that his conviction was based on "JUST hearsay."[4] Alternatively, appellant asks this Court to consider this argument under an exception to Rule 5A:18. However, appellant's assignment of error on appeal does not challenge the *admissibility* of any evidence. To the contrary, the assignment of error only challenges the *sufficiency* of the evidence supporting his felony conviction. "There is simply a different legal analysis involved in determining the admissibility of the evidence as opposed to its sufficiency to prove an element of the offense." Bowling v. Commonwealth, 51 Va. App. 102, 107, 654 S.E.2d 354, 356-57 (2007). Accordingly, appellant's argument that the trial court improperly admitted and considered hearsay evidence is barred under Rule 5A:12 because appellant failed to include this specific argument in his assignment of error.[5] See Rule

---

[4] Viewed in its full context, however, this statement again appears to challenge *only* the finding that he was the *perpetrator* of the vandalism.

[5] In addition, appellant's arguments that there was a "fatal variance" between the indictment and the Commonwealth's evidence at trial and that the verdict was not supported by

5A:12(c)(1)(i) ("Only assignments of error assigned in the petition for appeal will be noticed by this Court."); see also McDowell v. Commonwealth, 57 Va. App. 308, 318-19, 701 S.E.2d 820, 825 (2010) ("[U]nlike Rule 5A:18, Rule 5A:12 contains no 'good cause' or 'ends of justice' exception.").

Moreover, although appellant's assignment of error challenges the sufficiency of the evidence to support his felony conviction for destruction of property, "[t]he judgment of the trial court is presumed to be correct and will be reversed only upon a showing that it is 'plainly wrong or without evidence to support it.'" Viney v. Commonwealth, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005) (quoting Code § 8.01-680). J.S. testified at trial, without objection, that the amount of property damage resulting from appellant's acts of vandalism totaled well over $4,000. Based on this evidence, which was unchallenged at trial, the trial court found that appellant damaged or destroyed at least $1,000 of the victims' property. See Code § 18.2-137(B). Appellant simply *never* argued to the trial court that the amount of damage to the victims' property did not meet the $1,000 threshold for felony destruction of property. To the extent that appellant asks this Court on appeal to invoke the ends of justice exception to Rule 5A:18 to conclude that the amount of damage to the victims' property was less than $1,000, the record here certainly "does not affirmatively show a miscarriage of justice, and the ends of justice exception does not apply." McDuffie v. Commonwealth, 49 Va. App. 170, 179, 638 S.E.2d 139, 143 (2006).

III. CONCLUSION

Appellant failed to preserve his assignment of error for appeal. Accordingly, we affirm appellant's conviction for felony destruction of property.

Affirmed.

---

"documentary evidence" also were not raised at trial and were not included in the assignment of error.

- 4 -