COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Humphreys and Haley
Argued at Chesapeake, Virginia


DANIEL DAVID LUCAS

MEMORANDUM OPINION[*] BY
v.      Record No. 0917-10-1      JUDGE JAMES W. HALEY, JR.
                                   JULY 5, 2011
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
A. Joseph Canada, Jr., Judge

Randy D. Singer (Christian E. Blank; Singer Legal Group, LLC, on
briefs), for appellant.

Josephine F. Whalen, Assistant Attorney General II (Kenneth T.
Cuccinelli, II, Attorney General, on brief) for appellee.


I.  INTRODUCTION

Appealing his conviction for second offense driving while an habitual offender, in

violation of Code § 46.2-357, Daniel David Lucas maintains the order designating him an

habitual offender was invalid, for reasons of due process, in that he was denied sufficient

opportunity to appeal the same. Since Lucas did not raise this issue in his petition for appeal, we

decline to consider it and affirm the trial court.

II.  BACKGROUND

Given our resolution of this case, the relevant facts may be succinctly stated.

Between 1990-91, Lucas was twice convicted of driving while intoxicated. As a result,

he was determined to be an habitual offender. However, in January 1997, Lucas successfully

petitioned the trial court to have his driving privileges restored.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

In 1999, Lucas was again convicted of driving while intoxicated. Based on this conviction and his two prior convictions, he was again adjudicated to be an habitual offender. Lucas signed a document stating his license was revoked as a result of his habitual offender classification on June 7, 1999. As a result of the legislative repeal of the habitual offender classification, Lucas had until June 30, 1999 to challenge his habitual offender status under former Code § 46.2-352.[1]

In December 2008, a grand jury indicted Lucas for second offense driving while an habitual offender. After a bench trial in November 2009, the court found Lucas guilty.

In his petition for appeal, Lucas argued his determination as an habitual offender in 1999 was improper because in reaching that decision, the Department of Motor Vehicles considered his two convictions for driving while intoxicated obtained before his first adjudication as an habitual offender and subsequent restoration of driving privileges. Lucas maintained that in light of the restoration, those convictions could no longer be considered in any habitual offender status decision. Lucas' petition stated:

> The Petitioner was charged with driving after having been declared an habitual offender. However, documentary evidence in the record clearly shows that his driving privileges were fully restored in 1997. This Order of the Court effectively removed the defendant's status as an habitual offender . . . . Consequently, when the DMV declared the defendant to be an habitual offender following the defendant's DUI (2nd offense) conviction on March 16, 1999, it ignored the reality that the defendant had been fully restored in 1997. It appears that the DMV reached back and used two offenses that predated the defendant's date of restoration when it again declared him to be an habitual offender.

---

[1] Lucas also had the ability to appeal his habitual offender status under the Administrative Process Act. See Code § 46.2-410.

This Court granted Lucas an appeal on this issue alone.  However, Lucas abandons on brief the issue stated in his petition.  He now argues his 1999 adjudication as an habitual offender is void because he lacked sufficient opportunity to appeal it consistent with due process.

### III.  ANALYSIS

Rule 5A:12(c) provides:  "Only assignments of error assigned in the petition for appeal will be noticed by this Court."  This Court will not consider arguments raised on brief, but not in the petition for appeal.  Gregory v. Commonwealth, 46 Va. App. 683, 694, 621 S.E.2d 162, 168 (2005) ("[T]he defendant failed to raise this issue in his petition for appeal. . . . Thus, no appeal was granted on this issue, and Rule 5A:12(c) prevents us from considering it.").

At oral argument, defense counsel maintained that Rule 5A:12 contains a "good cause" or "ends of justice" exception.  That exception exists within the parameters of Rule 5A:18, but not within the parameters of  Rule 5A:12, a distinction we have repeatedly noted.  See Sanders v. Commonwealth, 48 Va. App. 196, 207, 629 S.E.2d 701, 706 (2006) ("To the extent appellant's argument may raise due process notice issues, he did not include a due process claim in his petition for appeal, and no appeal was granted on this issue.  Thus, we may not consider such a claim in this appeal."); see also McDowell v. Commonwealth, 57 Va. App. 308, 318-19, 701 S.E.2d 820, 825 (2010) ("[U]nlike Rule 5A:18, Rule 5A:12 contains no 'good cause' or 'ends of justice' exception."); Thompson v. Commonwealth, 27 Va. App. 620, 626, 500 S.E.2d 823, 826 (1998).

We hold these principles prevent us from considering this appeal.  In his petition for appeal, Lucas argued he was improperly designated an habitual offender in 1999 because in arriving at that designation, prior offenses leading to an earlier habitual offender designation were considered.  Lucas maintained those earlier offenses could not be used since his habitual

offender status had been removed.  On brief, Lucas abandons this argument.[2]  Instead, Lucas

argues his 1999 adjudication as an habitual offender is invalid because he lacked sufficient

opportunity to appeal it.[3]  Having failed to raise this issue in his petition, we will not consider it.

For the foregoing reasons, the judgment of the trial court is affirmed.

<u>Affirmed.</u>

---

[2] Lucas' current counsel did not file the petition for appeal.  Lucas' current counsel abandons the prior argument because, as he admits on brief, it is erroneous.  <u>See</u> <u>Dorn v. Commonwealth</u>, 3 Va. App. 110, 348 S.E.2d 412 (1986) (holding convictions used in determining habitual offender status prior to a restoration of driving privileges may again be used in an habitual offender adjudication after the restoration).

[3] Lucas contends his argument is proper because the issue in his petition and on brief is whether the 1997 "restoration order was given proper effect."  While this is true, Lucas' brief addresses this issue for a different reason than his petition for appeal and "[m]aking one specific argument on an issue does not preserve a separate legal point on the same issue for review." <u>Edwards v. Commonwealth</u>, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*).