COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Kelsey and Senior Judge Bumgardner
Argued at Salem, Virginia


THOMAS WILLIAM STONE, SR.

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0617-10-3                      JUDGE ROBERT P. FRANK
                                                    SEPTEMBER 27, 2011

COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF TAZEWELL COUNTY
                              Teresa M. Chafin, Judge

           Gerald D. Arrington (Arrington Law Office, PLC, on brief), for
           appellant.

           Gregory W. Franklin, Assistant Attorney General (Kenneth T.
           Cuccinelli, II, Attorney General, on brief), for appellee.


       Thomas William Stone, Sr., appellant, was convicted on his plea of *nolo contendere* of

forcible sodomy in violation of Code § 18.2-67.1.  On appeal, he contends the trial court erred in

denying his motion to withdraw his plea of *nolo contendere*.  For the reasons stated, we affirm

the trial court.

                                        BACKGROUND

       On August 27, 2009, appellant entered a plea of *nolo contendere* to a single count of

forcible sodomy.[1]  In a document titled "No Contest Plea Form" appellant represented to the trial

court, *inter alia*, that he entered the plea freely and voluntarily, that he believed the

Commonwealth's evidence was sufficient to convict him, and that he understood the maximum

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The facts of the actual offense are not relevant to this analysis and will not be recited.

possible penalty was life imprisonment. He also acknowledged that he discussed with his attorney any possible defenses, the elements of the offense, and whether he should enter this plea. He decided for himself that he should enter the plea of *nolo contendere*.

The trial court accepted appellant's plea and convicted appellant of forcible sodomy. The court ordered a pre-sentence report and a psycho-sexual evaluation. In the pre-sentence report, appellant self-reported that since childhood he has exhibited symptoms of dyslexia, attention deficit hyperactivity disorder (ADHD), and slow learning. Appellant further reported he had been diagnosed as bi-polar and had received inpatient treatment in 2004 and 2006. He also indicated he had suffered from anxiety.

The court held a sentencing hearing on December 11, 2009.[2] Probation officer John Hager confirmed appellant's in-patient and outpatient treatment. Hager further testified appellant suffered from depression, panic attacks, and suicide ideations. When Hager interviewed appellant, appellant denied committing the actual offense and said other members of the family may have persuaded the victim to fabricate the incident.

During allocution, appellant informed the court that he did not commit the offense and that he accepted the plea to avoid going "to prison for a long, long time." At sentencing, appellant did not move to withdraw his plea. In fact, appellant's counsel stated that appellant was in court to be sentenced, not to withdraw his plea. The court sentenced appellant to sixty-five years in the penitentiary and suspended all but twenty years.

On January 11, 2010, appellant filed a motion to withdraw his plea of *nolo contentere*, claiming he is actually innocent of the charge and requesting to be tried by a jury. He scheduled a hearing on that motion for January 14, 2010.

---

[2] The written sentencing order was entered January 12, 2010.

On January 13, 2010 the trial court denied the motion without a hearing, but erroneously characterized the pending motion as a "Motion for a Reconsideration of Sentence." The January 14, 2010 hearing was cancelled.

Based on the trial court's characterization of the motion, appellant's counsel wrote to the trial court on January 25, 2010 seeking clarification because the trial court never addressed the motion to withdraw the plea. Counsel also asked for a hearing on the motion.

On January 26, 2010 appellant filed a motion to reconsider the denial of his motion to withdraw his plea, stating, *inter alia*, "Virginia Code § 19.2-296 allows a Court, within twenty-one days of the entry of the final [sentencing] order, to set aside the judgment of conviction and permit the defendant to withdraw his plea in order to correct manifest injustice." Appellant further recited his motion was filed within twenty-one days of the court's entry of the final order.

On March 12, 2010, the trial court entered an order denying the motion to reconsider in its order of January 13, 2010.[3]

In denying the motion, the trial court cited Code § 19.2-296 and concluded that since the original motion was filed on January 11, 2010, more than twenty-one days after sentence was imposed (December 11, 2009), the statute barred the relief sought by appellant. The court further found that no manifest injustice occurred, based on its close examination of the court's file.

This appeal follows.

---

[3] It should be noted the March 12, 2010 order only denied the motion to reconsider. The statement of facts entered on May 21, 2010 pursuant to Rule 5A:8 also characterized this order as denying the motion to reconsider. Appellant on appeal did not allege error of the denial of his motion to reconsider. Thus, we will only address the denial of the motion to withdraw the plea.

ANALYSIS

On appeal, appellant contends the trial court erred in failing to grant his motion to withdraw his plea of *nolo contendere*. The specific language of the assignment of error granted by this Court and set forth in his brief is "The trial court committed reversible error by failing to grant Mr. Stone's Motion to Withdraw Plea of *Nolo Contendere*." However, his argument and supporting legal authority on appeal address two different issues: 1) the trial court erred in not affording him a hearing on the merits of his motion; and 2) the trial court erred by applying the incorrect standard to review the merits of his motion. Neither of these issues is part of the assignment of error granted by this Court. The assignment of error addresses the merits of the motion, i.e., whether the motion to withdraw the plea should have been granted. However, the issues raised and argued in appellant's brief address alleged procedural errors, failure to grant a hearing, and use of an incorrect standard to review the merits of the motion.[4]

Therefore, as these two issues are not part of the assignment of error that was designated for appeal, we will not address them. See Rule 5A:12(c) ("Only assignments of error assigned in the petition for appeal will be noticed by this Court."); see also Commonwealth v. Brown, 279 Va. 235, 241, 687 S.E.2d 742, 745 (2010) (discussing Rule 5A:12(c) and stating that "[t]he Court of Appeals can only consider issues properly brought before it by the litigants"); Clifford v. Commonwealth, 274 Va. 23, 25, 645 S.E.2d 295, 297 (2007) (approving Court of Appeals' interpretation of Rule 5A:12(c)); McDowell v. Commonwealth, 57 Va. App. 308, 318-19, 701 S.E.2d 820, 825 (2010) ("[U]nlike Rule 5A:18, Rule 5A:12 contains no 'good cause' or 'ends of

---

[4] The parties did not address this issue on brief. However, the Court advised counsel to be prepared to address at oral argument whether appellant's assignment of error encompasses the issues of whether the trial court erred in (a) not granting a hearing on the motion; and (b) applying an incorrect standard to review the merits of the motion. The parties addressed this issue at oral argument.

justice' exception."); <u>Hillcrest Manor Nursing Home v. Underwood</u>, 35 Va. App. 31, 39 n.4, 542 S.E.2d 785, 789 n.4 (2001) (declining to consider an issue on appeal because it was not "expressly stated" in the questions presented). Thus, the only issue before us is appellant's assignment of error, specifically, that the trial court "committed reversible error by failing to grant [appellant's] Motion to Withdraw Plea of *Nolo Contendere*."

"Code § 19.2-296[5] allows a defendant to withdraw a guilty plea before sentence is imposed." <u>Jones v. Commonwealth</u>, 29 Va. App. 503, 511, 513 S.E.2d 431, 435 (1999) (footnote added). "[W]hether or not an accused should be allowed to withdraw a plea of guilty for the purpose of submitting one of not guilty is a matter that rests within the sound discretion of the trial court and is to be determined by the facts and circumstances of each case." <u>Parris v. Commonwealth</u>, 189 Va. 321, 324, 52 S.E.2d 872, 873 (1949).

> Leave should ordinarily be given to withdraw a plea of guilty if it was entered by mistake or under a misconception of the nature of the charge; through a misunderstanding as to its effect; through fear, fraud, or official misrepresentation; was made involuntarily for any reason; or even where it was entered inadvisedly, if any reasonable ground is offered for going to the jury."

<u>Id.</u> at 325, 52 S.E.2d at 874 (other citation omitted). "The <u>Parris</u> standard thus requires the defendant (i) to establish a good-faith basis for making the guilty plea and later seeking to withdraw it, *and* (ii) to proffer evidence of a reasonable basis for contesting guilt." <u>Cobbins v. Commonwealth</u>, 53 Va. App. 28, 34, 668 S.E.2d 816, 819 (2008) (emphasis added) (citing <u>Justus</u>

---

[5] Code § 19.2-296 provides:

> A motion to withdraw a plea of guilty or nolo contendere may be made only before sentence is imposed or imposition of a sentence is suspended; but to correct manifest injustice, the court within twenty-one days after entry of a final order may set aside the judgment of conviction and permit the defendant to withdraw his plea.

v. Commonwealth, 274 Va. 143, 155-56, 645 S.E.2d 284, 289-90 (2007)). "The first requirement protects the integrity of the judicial process by precluding defendants from using a guilty plea as a subterfuge to manipulate the court." Id. "The second requirement defeats motions to withdraw which would result in an essentially futile trial." Id. As Parris explained, a trial court's discretion to grant the motion "'will rarely, if ever, be exercised in aid of an attempt to rely upon a merely dilatory or formal defense.'" Justus, 274 Va. at 153, 645 S.E.2d at 288 (quoting Parris, 189 Va. at 323-34, 52 S.E.2d at 873-74).

In his brief, appellant points to appellant's mental health issues and treatment, his anxiety, slow learning, and protestations of innocence as evidence to determine whether there was a proper basis for the entry of his plea. He argued that "had the trial court given [him] an opportunity to be heard on his motion, he may have been able to establish a defense and a 'reasonable grounds' for going forward with a jury trial." He also referred to possible perjured testimony as establishing reasonable grounds for proceeding with a jury trial.[6]

Appellant never argued why his motion should be granted, nor did he proffer any argument.[7] While appellant was afforded no hearing on his motion, he was obligated to proffer his argument. O'Dell v. Commonwealth, 234 Va. 672, 698, 364 S.E.2d 491, 506 (1988). Appellant failed to proffer the evidence he intended to elicit, as well as the argument he now makes on appeal, thereby failing to properly preserve this issue for purposes of appeal. Whittaker v. Commonwealth, 217 Va. 966, 968-89, 234 S.E.2d 79, 81 (1977). Moreover, the record does not indicate the trial court prohibited appellant from making a proffer.

---

[6] The record discloses no factual basis for this statement.

[7] The parties did not address this procedural error on brief. However, the Court advised counsel to be prepared to address at oral argument whether this issue is waived pursuant to Rule 5A:18, and whether appellant proffered the evidence he would rely upon to support his motion. The parties addressed this issue at oral argument.

We should note that the original motion to withdraw, the letter dated January 25, 2010 seeking clarification of the January 13, 2010 order, appellant's motion to reconsider, nor any other part of the record discloses any argument why appellant's motion should be granted. The record contains no proffer that the elements required in Parris have been met.

In his brief, appellant contends that his mental health issues and perjured testimony have established a defense to the instant charge. However, these matters were mentioned by the probation officer at the sentencing hearing when appellant's counsel had advised the trial court that he was not withdrawing his plea. Appellant never argued why these matters would have entitled him to withdraw his plea.

We conclude appellant's argument is waived pursuant to Rule 5A:18. Rule 5A:18 is clear that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling . . . ."[8] Applying Rule 5A:18, we have held "this Court 'will not consider an argument on appeal [that] was not presented to the trial court.'" Farnsworth v. Commonwealth, 43 Va. App. 490, 500, 599 S.E.2d 482, 487 (2004) (quoting Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998)). "The purpose of [this] rule is to ensure that the trial court and opposing party are given the opportunity to intelligently address, examine, and resolve issues in the trial court, thus avoiding unnecessary appeals." Andrews v. Commonwealth, 37 Va. App. 479, 493, 559 S.E.2d 401, 408 (2002). Thus, before we may address an argument on appeal, an accused must present the specific argument to the trial court that he wishes to raise on appeal. See Edwards v.

---

[8] Effective July 1, 2010, Rule 5A:18 was revised to state that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling . . . ." Because the proceedings below were completed prior to this revision taking effect, we will rely on the language of Rule 5A:18 that was then in effect. See Fails v. Va. State Bar, 265 Va. 3, 5 n.1, 574 S.E.2d 530, 531 n.1 (2003) (applying the Rule of Court in effect at the time of the proceedings below).

Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*) ("Under [Rule 5A:18], a specific argument must be made to the trial court at the appropriate time, or the allegation of error will not be considered on appeal." (citing Mounce v. Commonwealth, 4 Va. App. 433, 435, 357 S.E.2d 742, 744 (1987))). By failing to raise these specific arguments below, appellant deprived the trial court of the opportunity to consider the issues he now asks us to address on appeal.

Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997). We will not consider such an argument *sua sponte*. Edwards, 41 Va. App. at 761, 589 S.E.2d at 448.

For the foregoing reasons, appellant's conviction is affirmed.

Affirmed.