In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond, on Friday, the 8th day of June, 2007.

Michael Terry Clifford,                                    Appellant,

     against    Record No. 061936
               Court of Appeals No. 1310-05-1

Commonwealth of Virginia,                                  Appellee.


From the Court of Appeals of Virginia


At a jury trial in the Circuit Court of the City of Portsmouth, Michael Terry Clifford was convicted of four counts of aggravated sexual battery upon four female children under the age of 13 identified as "A," "H," "J," and "C." He was sentenced, in accordance with the jury's verdict, to one year's incarceration on each count. He appealed to the Court of Appeals, which affirmed the convictions. Clifford v. Commonwealth, 48 Va. App. 499, 633 S.E.2d 178 (2006).

We awarded Clifford an appeal. He presents a single assignment of error: "The Court of Appeals erred in holding that the denial of Mr. Clifford's right to cross-examine his accuser was harmless [error] beyond a reasonable doubt." The Commonwealth assigns as cross-error the Court of Appeals' failure to find that the trial court's alleged error was abandoned and waived by Clifford. We find the Commonwealth's assignments of cross-error to be well-taken and dispositive of this appeal. We therefore do not reach Clifford's assignment of error.

At trial, Clifford moved for leave to cross-examine "J," who was 10 years old at the time of trial, to obtain her admission that

she and her mother had reported to the local law-enforcement authorities that "J" had been sexually molested in 1998 by another man, a male baby-sitter, resulting in a trial in 2004 that ended in a hung jury and a retrial later that year that ended in the acquittal of that defendant. These events took place during the time that the present case against Clifford was pending. The trial court permitted Clifford to cross-examine the children's mother about the pendency of the baby-sitter's case (without naming the specific child involved) during a three-month delay between April, 2004, when the children first reported Clifford's conduct to her, and June, 2004, when the mother first reported Clifford's offenses to law-enforcement authorities. The mother testified that she delayed reporting Clifford's offenses because Clifford was a close friend of the family and that she first sought help from the church both families attended, hoping Clifford would repent and "talk it out with the pastor."

Clifford explained to the court that he desired to cross-examine "J" about the same matters, not to ask about any prior sexual conduct on her part, but rather to impeach her credibility by showing that because of the baby-sitter's case, she had access to the local law-enforcement authorities and knew how to contact them, yet failed to do so from April until June, 2004. The commonwealth's attorney objected on the ground that such cross-examination would necessarily elicit prior sexual conduct by "J" in violation of the rape shield law, Code § 18.2-67.7(A). The trial court sustained the objection.

Later, the trial court revisited the question and advised

counsel that its ruling excluding the cross-examination of "J" rested upon a second ground, in addition to the rape shield law. The trial court referred to this Court's reasoning in Clinebell v. Commonwealth, 235 Va. 319, 325, 368 S.E.2d 263, 266 (1988), where we held that notwithstanding the rape shield law, a defendant in a sex-crime case had a constitutional right to cross-examine his accuser about prior false accusations the accuser had made, but only where the court could make a threshold determination that there was a reasonable probability that the prior accusations were false. Here, the trial court reasoned, the mere fact that the baby-sitter had been acquitted did not establish a "reasonable probability of falsity" as required by Clinebell; it showed only that the Commonwealth had failed to prove the baby-sitter's guilt beyond a reasonable doubt. Therefore, Clinebell was inapplicable and Clifford's motion for leave to cross-examine "J" about the baby-sitter's case would be denied because of the lack of proof that her accusation of the baby-sitter had been false.

Having explained this "false accusation" basis for its ruling, the trial court asked counsel if there was "anything that you all would like to say on the record." Clifford's counsel responded: "No, sir, just continuing to note our objection based upon the theory of admissibility that we had advanced before." Thus, Clifford relied, in the trial court, only on the "access to justice" argument he had originally advanced, and made no objection to the "false accusation" rationale adopted by the trial court as the basis of its ruling.

Nevertheless, both Clifford's petition for appeal to the Court

3

of Appeals and his opening brief in that court challenge only the "false accusation" rationale adopted by the trial court and abandon the "access to justice" argument Clifford had relied on in the trial court. The Commonwealth's brief in the Court of Appeals pointed out the discrepancy, and argued that Clifford had waived the "access to justice" argument by failing to assert it in his petition or brief, and that consideration of the "false accusation" argument he was relying on in the Court of Appeals was barred, never having been made the subject of any objection in the trial court.

The Court of Appeals, however, relied entirely on the "access to justice" rationale, which Clifford had not asserted on appeal, to find that the trial court had erred in denying Clifford the right to cross-examine "J" about the baby-sitter's case. The Court of Appeals went on to find that the error was harmless in light of the other evidence in the case, Clifford, 48 Va. App. at 510-11, 633 S.E.2d at 183, particularly the cross-examination of the mother, id. at 512-13, 633 S.E.2d at 184, and affirmed the conviction. Id. at 520, 633 S.E.2d at 188.

In support of its assignments of cross-error in this Court, the Commonwealth contends that "arguments not made in the petition for appeal" are not to be considered on appeal, citing West v. Commonwealth, 249 Va. 241, 243 n.1, 455 S.E.2d 1, 2 n.1 (1995) (applying provisions of Rule 5:17 analogous to those of Rule 5A:12(c)) and that the basis upon which the Court of Appeals found the trial court's ruling to be error was therefore not before the Court of Appeals. The Court of Appeals has so construed its own Rule 5A:12(c). "Only those arguments presented in the petition for

4

appeal and granted by this Court will be considered on appeal." McLean v. Commonwealth, 30 Va. App. 322, 329, 516 S.E.2d 717, 720 (1999) (en banc). Further, the Commonwealth argues, an issue abandoned at trial may not be resurrected on appeal, and an appellate court may not "recast" an argument made in a lower court into a different argument upon which to base its decision, citing Commonwealth v. Shifflett, 257 Va. 34, 44, 510 S.E.2d 232, 237 (1999). We agree, and sustain the Commonwealth's assignments of cross-error.

Accordingly, the judgment of the Court of Appeals is reversed. The case is remanded to the Court of Appeals with direction to enter an order affirming the judgment of the circuit court.

This order shall be published in the Virginia Reports and shall be certified to the Court of Appeals of Virginia and to the said circuit court.

A Copy,

Teste:

Patricia L. Harrington, Clerk