ELDER, J., with whom FELTON, C.J., and BEALES, J.,
join, dissenting.
It is undisputed that, in the proceedings before the trial court, Moore’s argument expressly included the assertion that *7 Officer Bryan did not have “probable cause or a reasonable suspicion of criminal activity to conduct a stop of the vehicle operated by Matthew Moore” based solely on the fact that “the inspection sticker on the vehicle was not fully attached to the windshield.” Thus, Moore properly preserved for appeal under Rule 5A:18 the dispositive issue of whether Officer Bryan had the reasonable suspicion necessary to validate the stop.
Although the majority does not dispute that Rule 5A:18’s contemporaneous objection requirement has been satisfied, it concludes Moore’s statement of his question presented—which contended the stop was unreasonable based on a lack of probable cause without reference to the controlling legal standard of reasonable suspicion—failed to satisfy Rule 5A:12(c). I disagree with the majority’s application of Rule 5A:12(c), which the majority has raised for the first time sua sponte following argument on rehearing en banc. The Commonwealth posed no Rule 5A:12(c) objection at any stage of these proceedings, including on rehearing en banc; rather it merely restated the question presented so that it included the proper legal standard of reasonable suspicion rather than probable cause and proceeded to make argument on this issue. Further, I believe the majority interprets Rule 5A:12(c) too narrowly. Contrary to the majority’s holding, I would conclude the trial court’s ruling that Officer Bryan had the reasonable articulable suspicion necessary to conduct the stop was properly before us under Rule 5A:12(c).
Rule 5A:12(c) provides that “[o]nly questions presented in the petition for appeal will be noticed by the Court of Appeals.” Here, Moore noted a timely appeal on the question presented, “Did Officer Bryan have probable cause to make a traffic stop of the vehicle being driven by Moore on the sole basis that he observed that a valid inspection sticker was not totally affixed to the windshield of the vehicle?” This question presented was specific enough to allow the Commonwealth and this Court to focus on the relevant issue—whether the trial court’s denial of the motion to suppress was error—such that the purpose of Rule 5A: 12(c) has been met. The Com *8 monwealth clearly understood the relevant issue and—without objection, as stated above—simply rephrased the question presented to include the proper legal standard. Had Moore’s assignment of error in fact been worded more generally to allege that the trial court’s denial of the motion to suppress was error, without including any reference to reasonable suspicion or probable cause, it would be undisputed that the requirement of Rule 5A: 12(c) had been met. This stands in marked contrast to a situation in which we grant a petition for appeal challenging the sufficiency of the evidence to prove one element of a crime and the appellant later attempts to challenge the sufficiency of the evidence to prove a different element of the offense. See Selph v. Commonwealth, 48 Va.App. 426, 434, 632 S.E.2d 24, 28 (2006); see also Clifford v. Commonwealth, 274 Va. 23, 24-26, 645 S.E.2d 295, 296-97 (2007) (involving one objection at trial to limits on cross-examination, that Clifford should be allowed to cross-examine victim about her prior sexual contact leading to prosecution of a different defendant in order to show victim had access to law enforcement authorities but did not make contemporaneous report of Clifford’s sexual contact, and a wholly different statement of error on petition for appeal, that Clifford had made a threshold showing of a “reasonable probability of falsity” necessary to cross-examine victim about victim’s prior false accusations against another under an exception to the rape-shield law). Here, the question whether reasonable suspicion for the stop existed was subsumed within the probable cause assignment of error because the same evidence was involved and the only difference in the legal analysis was whether that evidence met the “lesser” legal standard of reasonable suspicion rather than the “greater” legal standard of probable cause.
Further, we have expressly held that “the text of [Rule 5A:12(c)] does not prevent this Court, in its discretion and pursuant to its inherent authority, from considering ... additional issues as long as the Court has acquired jurisdiction over the appeal via timely filing of the original petition for appeal.” Riner v. Commonwealth, 40 Va.App. 440, 455, 579 *9 S.E.2d 671, 678-79 (2003) (citation omitted), aff'd on other grounds, 268 Va. 296, 601 S.E.2d 555 (2004). To the extent the wording of Moore’s assignment of error was not specific enough to place the issue of reasonable suspicion before us, I believe our consideration of the reasonable suspicion issue at the panel stage constituted an enlargement of the scope of the issues on which we granted appellant’s petition for appeal. As set out above, the Commonwealth posed no objection to that consideration and, in fact, rephrased the question presented to set out the proper legal standard before arguing on brief why the trial court’s denial of the motion to suppress should be affirmed.
Thus, I would reach the merits of appellant’s reasonable suspicion argument. Further, for the reasons set out in the panel majority decision in this case, see 49 Va.App. 294, 300-308, 640 S.E.2d 531, 534-38 (2007), I would reverse appellant’s convictions. Accordingly, I respectfully dissent.