COURT OF APPEALS OF VIRGINIA

Present: Judges Kelsey, Petty and Senior Judge Willis
Argued at Chesapeake, Virginia


MICHAEL LEE ELLIS

                                                    MEMORANDUM OPINION* BY
v.            Record No. 1485-07-1               JUDGE D. ARTHUR KELSEY
                                                       SEPTEMBER 30, 2008
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Lydia Calvert Taylor, Judge

Robert H. Knight, III, Assistant Public Defender (Office
of the Public Defender, on brief), for appellant.

Josephine F. Whalen, Assistant Attorney General II
(Robert F. McDonnell, Attorney General, on brief), for
appellee.


A jury convicted Michael Lee Ellis of aggravated malicious wounding, violating a

protective order, and use of a firearm during the commission of a felony. On appeal, Ellis argues

the trial court erred by admitting into evidence recorded 911 calls because they were "unduly

prejudicial." Ellis never made this argument in the trial court, however, and he cannot do so for

the first time on appeal. We affirm.

I.

The principal evidence at trial came from the victim, Ellis's former girlfriend. She

testified she broke off her relationship with Ellis in March 2006. A month later it became

necessary for her to obtain a protective order to forbid Ellis from harassing her. Around

1:00 a.m. on April 11, 2006, the victim arrived at her duplex apartment. Before she could get

into the apartment, Ellis appeared with a gun from behind some bushes. She begged Ellis not to

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

shoot her and screamed "Rock, don't." The victim's mother and sister, both inside the apartment, heard the scream. Ellis then shot the victim in the face at point blank range.

The victim feigned death until Ellis ran away. She managed to find her mother and exclaim that Ellis ("Rock") had just shot her. The mother called 911 but was too distraught to speak clearly. The victim's sister told the 911 operator that Ellis had just shot the victim. A neighbor also called 911 saying he had heard the gunshot and the victim's cries for help.

Police found Ellis's vehicle at a local motel. In the vehicle, police found the victim's purse but could not find Ellis. He later turned himself in and claimed he had nothing to do with the shooting as he had been with two women, strippers who worked for him, at a private party that night. The strippers appeared at trial and supported Ellis's alibi.

At trial, the Commonwealth sought to introduce into evidence the 911 calls. Ellis's counsel objected on hearsay grounds. The trial court agreed the recordings contained hearsay and gave a cautionary instruction to the jury to not consider the hearsay statements in the calls for the truth of the matter asserted. The court emphasized the recordings included "sheer hearsay" and Ellis was "absolutely correct to make an objection" on this ground. The jury, the court admonished, could not consider the statements identifying Ellis as the shooter because the 911 callers "were basing it solely on what the alleged victim . . . told them."

After completing the cautionary instruction, the court asked Ellis's counsel: "Would you like me to add anything else to that?" "No, Your Honor," counsel replied. The court once again summarized the cautionary instruction for the jury and asked Ellis's counsel: "Is that sufficient? If not, come up and tell me, and I will add anything that you think." Counsel answered, "That is sufficient, Judge." Counsel then added a new ground for the objection: "I would object to the relevance, and I know the Court's ruling." The court responded by ruling that the 911 calls were relevant to explain the police response to the shooting but not relevant, as the cautionary

instruction noted, for the purpose of identifying Ellis as the shooter. "Then I would just ask the Court to note my exception," counsel concluded.

When the 911 recordings were played for the jury, the trial court repeated for the third time its cautionary instruction warning jurors not to consider the identification of Ellis by the callers for the truth of the matter asserted. Again the court sought to clarify the objection, asking Ellis's counsel if her "only objection" was the identification of Ellis as the shooter. "Yes, ma'am," counsel answered. The court, now for the fourth time, repeated the cautionary instruction advising the jury to consider the 911 calls "solely to show . . . the sequence of events" and not to identify Ellis as the shooter. "That is what your objection was to this exclusively?" the court asked Ellis's counsel. "Yes, ma'am," counsel again replied.

Later in the trial, the neighbor who made a 911 call testified. He stated he heard the gunshot and saw the victim leave the scene screaming: "Help me. Somebody help me. He shot me. He's trying to kill me." Ellis's counsel objected on hearsay grounds, but the court ruled the statement fit within the excited utterance exception to the hearsay rule. The victim's mother also took the stand at trial and testified that, immediately prior to the gunshot, she heard her daughter screaming "Rock, don't." Ellis's counsel objected on hearsay grounds, and the court held the statement admissible as an excited utterance. The victim's sister also testified that, just before the gunshot, the victim screamed "Rock, don't." Ellis's counsel did not object to this testimony.

The jury rejected Ellis's alibi and found him guilty on all counts.

II.

Ellis frames the issue on appeal this way: "Whether playing the tape of the three 911 calls by the victim's mother and sister at the beginning of the trial, which was admitted by the court as evidence of why the police went looking for Appellant, was *unduly prejudicial* due to the numerous hearsay statements made by the callers identifying Appellant as the shooter?"

- 3 -

Appellant's Br. at 3 (emphasis added); Pet. for App. at 3 (emphasis added).[1]  He argues the introduction of the recordings at the beginning of trial, the "hysterical voices" of the callers identifying him as the shooter, and the ineffectual cautionary instructions all combined to render the evidence "so unduly prejudicial" as to be inadmissible.  See Appellant's Br. at 4-5.

Ellis, however, never objected at trial to the 911 calls as unduly prejudicial.  His first objection was hearsay and his second relevance.  The trial court addressed the hearsay objection by giving multiple cautionary instructions forbidding the jury from accepting the 911 calls as evidence that Ellis was the shooter.  The court addressed the relevance objection by ruling the 911 calls provided a contextual background for the police investigation and explained the sequence of events immediately after the shooting.

Objecting to evidence as unduly prejudicial is different from attacking it as logically irrelevant or, even if relevant, nonetheless barred by the hearsay rule.  No matter how "remote or insignificant," evidence is relevant so long as it "tends to establish the probability or improbability" of a material fact.  Thomas v. Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743, adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005) (citation omitted).  Evidence is unduly prejudicial, despite its logical relevance, when it has a tendency to "inflame irrational emotions" or lead a factfinder to "illegitimate inferences."  Id. at 758, 607 S.E.2d at 745.  Even when logically relevant and not unduly prejudicial, evidence can still be independently barred by the hearsay rule.  While perhaps related, these three concepts are far from synonymous.  See generally Kent Sinclair, A Guide to Evidence in Virginia §§ 401, 403 & 802 (2008).

---

[1] Under Rule 5A:12(c), only questions "presented in the petition for appeal will be noticed by the Court of Appeals."  Clifford v. Commonwealth, 274 Va. 23, 25, 645 S.E.2d 295, 297 (2007); McLean v. Commonwealth, 30 Va. App. 322, 329, 526 S.E.2d 717, 720 (1999) (en banc).  Unlike Rule 5A:18, Rule 5A:12(c) contains no "good cause" or "ends of justice" exceptions authorizing us to address issues outside the scope of the question presented.  See Thompson v. Commonwealth, 27 Va. App. 620, 626, 500 S.E.2d 823, 826 (1998).

The only issue before us on appeal, undue prejudice, was never raised in the trial court. As we have often said:

> As a precondition to appellate review, Rule 5A:18 requires a contemporaneous objection in the trial court to preserve the issue on appeal. Not just any objection will do. It must be both *specific* and *timely* — so that the trial judge would know the particular point being made in time to do something about it.

Thomas, 44 Va. App. at 750, 607 S.E.2d at 742 (emphasis in original). "Making one specific argument on an issue does not preserve a *separate* legal point on the *same* issue for review." Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*), aff'd by unpublished order, No. 040019 (Va. Oct. 15, 2004) (emphasis added). When making an evidentiary objection counsel must identify the "specific rule of evidence" on which he relies. Neal v. Commonwealth, 15 Va. App. 416, 422, 425 S.E.2d 521, 525 (1992) (citation omitted).[2]

By not raising undue prejudice at trial, Ellis never gave the trial court an opportunity to decide whether — even with multiple cautionary instructions, even though relevant, and even if not barred by the hearsay rule — the 911 calls should still be excluded from evidence as unduly prejudicial. "The appellate court, in fairness to the trial judge, should not . . . put a different twist on a question that is at odds with the question presented to the trial court." Commonwealth v. Shifflett, 257 Va. 34, 44, 510 S.E.2d 232, 237 (1999). Among the "salutary purposes of our contemporaneous objection rule" is to give the trial judge "a fair opportunity to rule intelligently on objections while there is still an opportunity to correct errors in the trial court" and to "protect the trial court from litigants asserting error on appeal that had not been raised at trial." Vasquez v. Mabini, 269 Va. 155, 163, 606 S.E.2d 809, 813 (2005) (citation omitted).

---

[2] See also Riner v. Commonwealth, 268 Va. 296, 323-25, 601 S.E.2d 555, 571-72 (2004) (holding that appellant waived challenge to double-tier hearsay by failing to specifically object to trial court's incomplete ruling as to only one of the two tiers); West Alexandria Prop., Inc. v. First Va. Mortgage & Real Estate Inv. Trust, 221 Va. 134, 138, 267 S.E.2d 149, 151 (1980) ("On appeal, though taking the same general position as in the trial court, an appellant may not rely on reasons which could have been but were not raised for the benefit of the lower court.").

III.

Because Ellis failed to object at trial to the 911 calls as unduly prejudicial, he cannot now seek to overturn his conviction on this ground.[3] We thus affirm his convictions.

Affirmed.

---

[3] In his appellate brief, Ellis does not argue that the "good cause" and "ends of justice" exceptions to Rule 5A:18 apply to this case. We will not invoke these exceptions *sua sponte*. See Widdifield v. Commonwealth, 43 Va. App. 559, 564, 600 S.E.2d 159, 162 (2004) (*en banc*); Edwards, 41 Va. App. at 761, 589 S.E.2d at 448. At oral argument, Ellis suggested that the trial court's cautionary instructions themselves demonstrate an implicit recognition of the unduly prejudicial nature of the 911 calls. We do not agree with this interpretation of the court's instructions to the jury. But, even if we did, we would nonetheless find it an inadequate basis upon which to invoke the "good cause" and "ends of justice" exceptions to Rule 5A:18.