PRESENT: All the Justices

COMMONWEALTH OF VIRGINIA

OPINION BY

v.        Record No. 090557        JUSTICE S. BERNARD GOODWYN

January 15, 2010

TAVARES LAMONT BROWN

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal we consider whether the Court of Appeals may reverse a circuit court's judgment on a basis not argued on appeal by the appellant.

Background

On October 24, 2006, Officer Morris Patrick Warner (Warner) of the Richmond Police Department received a police radio dispatch regarding two individuals selling drugs near a pedestrian bridge that crosses over the Downtown Expressway. As he walked up the ramp to the pedestrian bridge, Warner saw Tavares Lamont Brown (Brown) and Scott Pullen (Pullen) on the ramp. Pullen was urinating and Brown was drinking from a 40-ounce bottle of beer. They were the only two people in the area and they were standing about six feet apart. Warner did not observe them communicating with each other.

Having observed the men violating the law, Warner, who was alone, "was going to try to escort them back to [his] vehicle where [he] could talk to them more." Warner spoke to both men; Brown bent over, placed the beer bottle on the ground, and

slowly attempted to screw the cap on with his left hand.  As Brown was doing so, his right hand disappeared behind his back. Warner "saw movement with [Brown's] arm, not really at his right pocket but more at his waistline in the back or towards his back right pocket."  Warner told Brown to stop and stand up.

Warner placed Brown in handcuffs because of his "furtive movements" and Warner's situation as one officer dealing with two suspects.  The trio then walked back to Warner's vehicle.

Warner conducted "pat down" searches on both individuals. He detected no suspected contraband or weapons on Brown's person.  On Pullen, however, Warner found a folded lottery slip that contained what appeared to be cigarette ashes.

When a "backup" officer arrived, Warner asked that officer to stay with Brown and Pullen while Warner went back to the area where the two men had been standing.  Warner recalled that he had observed a folded lottery slip on the ground there, between the two men.  Near where Brown and Pullen had been standing, Warner found a folded lottery ticket, which contained what appeared to be a small rock of crack cocaine.  Warner placed Brown and Pullen under arrest.  In a search incident to arrest, Warner found a large rock of what appeared to be crack cocaine and a razor blade on Brown's person.

Brown was charged with possession of cocaine with the intent to distribute in violation of Code § 18.2-248. Brown filed a motion to suppress in the Circuit Court of the City of Richmond. At the pre-trial hearing on the motion to suppress, Brown argued that Warner detained and arrested him in violation of the Fourth Amendment. The circuit court denied the motion to suppress, finding that Warner did not violate Brown's constitutional rights by detaining and then arresting him on suspicion of possessing and/or distributing cocaine.

After a bench trial, Brown was found guilty of possession with intent to distribute cocaine and sentenced to ten years incarceration, with four years and nine months suspended. Brown appealed to the Court of Appeals.

Brown's petition for appeal to the Court of Appeals set forth the following question presented: "Did the Circuit Court err in not suppressing the evidence found in this case when the detention of Brown . . . constituted a violation of the Fourth Amendment?"* In the petition for appeal, Brown argued that his detention by Warner violated the Fourth Amendment because Warner did not have a reasonable suspicion that supported his continued detention of Brown. In its order granting Brown's

---

* Brown's petition for appeal contained a second question presented, which the Court of Appeals denied. The denied question presented is not relevant to the present case.

3

appeal, the Court of Appeals more broadly referred to the question presented as "[w]hether the trial court erred by denying appellant's motion to suppress."

In his subsequent brief in support of the appeal granted by the Court of Appeals, Brown argued that "[t]he Circuit Court erred in not suppressing the evidence found . . . when the initial stop of the defendant constituted a seizure of his person in violation of the Fourth Amendment." Brown acknowledged in his brief that Warner had a right to detain him long enough for Warner to write a summons for drinking in public. Brown argued, however, that Warner no longer had a basis to detain Brown after taking Brown to Warner's police car and conducting a pat down search that revealed no weapons. Brown claimed that, after that point in time, his continued detention was without reasonable suspicion and in violation of the Fourth Amendment, and the evidence obtained as a result of the continued detention by Warner was subject to exclusion. The Commonwealth's brief responded to Brown's argument that Warner did not have reasonable suspicion sufficient to support his continued detention of Brown. There was no argument or authority provided by either Brown or the Commonwealth concerning whether there was probable cause to arrest Brown.

In an unpublished opinion, the Court of Appeals held that Brown's "ongoing detention for further investigation was

4

reasonable under the circumstances." Brown v. Commonwealth, Record No. 0339-08-2 (Jan. 13, 2009). However, the Court of Appeals reversed Brown's conviction on the basis that Warner did not have probable cause to arrest Brown "for possession of the cocaine found on the ground in a folded lottery slip." Id. This Court granted the Commonwealth an appeal.

## Analysis

The Commonwealth argues that the Court of Appeals erred in reversing the circuit court's judgment on a basis not argued to the Court of Appeals and in ruling that the police lacked probable cause to arrest Brown. The Commonwealth asserts that Brown argued in his petition and briefs to the Court of Appeals that his continued detention by Warner violated Brown's rights under the Fourth Amendment. It claims that Brown, by not asserting the matter by petition, brief or argument before the Court of Appeals, abandoned the argument made before the circuit court that Warner lacked probable cause to arrest Brown. Noting that the Court of Appeals rejected Brown's continued detention argument, the Commonwealth requests the reinstatement of the circuit court's judgment.

Responding, Brown asserts that the Court of Appeals did not err in ruling that the police lacked probable cause to arrest him. Brown argues that he did not abandon the argument he made at trial concerning lack of probable cause for his

5

arrest.  Brown asserts that his question presented informed the Court of Appeals that his appeal involved a Fourth Amendment violation, and notes that the Commonwealth did not object to the way the Court of Appeals broadly characterized the question presented.  He also points out that at one point in his reply brief to the Court of Appeals he stated that Warner lacked "reasonable suspicion or probable cause" to detain Brown.

In resolving whether the Court of Appeals decided Brown's case on a basis not argued on appeal, we must interpret Rule 5A:12.  Because this issue concerns a question of law, we review the lower court's decision de novo.  Moore v. Commonwealth, 276 Va. 747, 753, 668 S.E.2d 150, 153 (2008).

Rule 5A:12 provides in part as follows: "Only questions presented in the petition for appeal will be noticed by the Court of Appeals."  Rule 5A:12(c); see also Rule 5:17(c) ("Only errors assigned in the petition for appeal will be noticed by this Court.").  This Court has previously reversed the Court of Appeals when it based its holding on arguments not in the petition for appeal.  Clifford v. Commonwealth, 274 Va. 23, 25-26, 645 S.E.2d 295, 297 (2007) (sustaining the Commonwealth's cross-error that the appellant had abandoned the rationale adopted by the Court of Appeals).

We noted in Clifford, id. at 25, 645 S.E.2d at 297, that in regard to Rule 5A:12(c)'s Supreme Court Rule counterpart,

Rule 5:17(c), this Court has stated that "we will not consider . . . arguments [that] were not made in the petition for appeal." West v. Commonwealth, 249 Va. 241, 243 n.1, 455 S.E.2d 1, 2 n.* (1995); see also Richardson v. Moore, 217 Va. 422, 423 n.*, 229 S.E.2d 864, 865 n.1 (1976) (expressing no opinion on a question not raised on appeal). In Clifford, we also considered that the Court of Appeals had likewise construed its Rule 5A:12 to mean that " '[o]nly those arguments presented in the petition for appeal and granted by this Court will be considered on appeal.' " 274 Va. at 25, 645 S.E.2d at 297 (quoting McLean v. Commonwealth, 30 Va. App. 322, 329, 516 S.E.2d 717, 720 (1999) (en banc)). "[A]n issue abandoned at trial may not be resurrected on appeal, and an appellate court may not 'recast' an argument made in a lower court into a different argument upon which to base its decision." Clifford, 274 Va. at 25, 645 S.E.2d at 297.

The relevant question presented by Brown in his petition for appeal was, "Did the Circuit Court err in not suppressing the evidence found in this case when the detention of Brown . . . constituted a violation of the Fourth Amendment?" Brown's question presented concerned whether the police had reasonable suspicion to detain Brown, not whether they had probable cause to arrest him.

In granting Brown's appeal, the Court of Appeals restated Brown's question presented as "[w]hether the trial court erred by denying appellant's motion to suppress." It appears that Brown's question presented, as amended by the Court of Appeals, without objection, in its order granting the appeal, may have been broad enough to include an argument that Warner lacked probable cause to arrest Brown. However, Brown never made that argument to the Court of Appeals as a basis for reversing the circuit court's judgment.

Rule 5A:20(e) states that an opening brief must contain: "The principles of law, the argument, and the authorities relating to each question presented." In his brief in support of the appeal in the Court of Appeals, Brown argued and provided authority only for the position that the circuit court erred in not suppressing the evidence "when the initial stop of the defendant . . . [was] in violation of the Fourth Amendment." Brown did not allege as error that the circuit court found the officer had probable cause to arrest Brown, nor did he provide any argument or authority, as required by Rule 5A:20(e) in support of that allegation. See Rule 5A:20(e).

The Court of Appeals can only consider issues properly brought before it by the litigants. Clifford, 274 Va. at 25, 645 S.E.2d at 297; Rule 5A:12. Though the Court of Appeals broadly rephrased Brown's question presented, the probable

8

cause to arrest argument was neither in Brown's question presented nor briefed in the petition for appeal or in any briefs filed by either party. Even though Brown raised the probable cause argument before the circuit court, the Court of Appeals cannot resurrect arguments Brown abandoned on appeal. Clifford, 274 Va. at 25, 645 S.E.2d at 297. The Court of Appeals also cannot "recast" Brown's arguments concerning his initial detention into a challenge on appeal to the probable cause for his arrest. Id. Moreover, the fact that Brown briefly mentioned the words "probable cause" in his petition does not change the fact that neither party asserted a probable cause to arrest argument before the Court of Appeals. Thus, the Court of Appeals erred by considering the probable cause issue and reversing the circuit court's judgment based on Warner's lack of probable cause to arrest Brown.

Accordingly, the judgment of the Court of Appeals is reversed. This case is remanded to the Court of Appeals with direction to enter an order affirming the judgment of the circuit court.

Reversed and remanded.