UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Petty and Senior Judge Haley
Argued at Alexandria, Virginia


SAMIR ALLEN FARHOUMAND

MEMORANDUM OPINION[*] BY
v.      Record No. 2087-12-4          JUDGE ROBERT P. FRANK
                                       DECEMBER 3, 2013

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Randy I. Bellows, Judge

Nina J. Ginsberg; Jonathan Shapiro (DiMuroGinsberg, P.C.;
Greenspun Shapiro P.C., on briefs), for appellant.

Kathleen B. Martin, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Appellant, Samir Allen Farhoumand, was convicted in a bench trial of three counts of

taking indecent liberties, to wit, sexually exposing himself to a child in violation of Code

§ 18.2-370.  On appeal, he contends the evidence at trial was untied to any particular

indictments.  As a result, he reasons, the evidence was insufficient to sustain his convictions, his

double jeopardy rights were violated, and he was unable to prepare an alibi defense.  He further

argues that the trial court incorrectly applied the definition of "exposed" as used in the indecent

liberties statute.  For the following reasons, we affirm.

BACKGROUND

Appellant's cousin, the victim, testified that appellant occasionally stayed at the victim's

home during appellant's winter, spring, and summer breaks from college.  The victim testified

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

that during these visits appellant would sexually molest him, although the victim was never able to specify the exact dates of the abuse.

According to his testimony at trial, the first incident of abuse occurred during the winter of 2009 when the victim was in the seventh grade. The victim testified that the abuse continued "throughout the eighth grade." During those times, appellant would take the victim's hand and "masturbate himself." The victim pretended to be asleep during these incidents and rarely saw appellant's penis.

Referring to the abuse, the victim testified that "when I started ninth grade, yes, these events did occur." During the ninth grade, appellant would pull the victim on top of himself in such a way that their penises were touching. The victim stated appellant either pulled his own pants down or pulled his penis through the fly of his pants. Only once on these occasions did the victim actually see appellant's penis. On cross-examination, the victim testified that during appellant's spring and summer breaks when the victim was in ninth grade, appellant would take the victim's hand and place it on appellant's penis.

Prior to trial, appellant filed a motion for a bill of particulars. He argued that two of the original four indictments alleged insufficient information regarding the dates of the incidents of abuse. Based on the Commonwealth's representation that the victim could not be more specific, the trial court denied the motion.

The trial court convicted appellant on the following allegations contained in the indictments[1]:

2) On or between the 1st day of January, 2010 and the 3rd day of September, 2010, did feloniously expose his genital parts to a child under fifteen years of age.[2]

---

[1] Appellant was found not guilty of the charges alleged in indictment 1, spanning from September 3, 2009 through December 31, 2009.

[2] During this time period the victim was in the eighth grade.

3)  On or between the 4th day of September, 2010 and the 31st day of December, 2010, did feloniously expose his genital parts to a child under fifteen years of age.[3]

4)  On or between the 1st day of January, 2011 and the 3rd day of September, 2011, did feloniously expose his genital parts to a child under fifteen years of age.[4]

This appeal follows.

ANALYSIS

Exposure

Appellant argues the trial court employed an improper definition of "expose" in finding the evidence sufficient to convict him under the indecent liberties statute.  He argues the trial court incorrectly relied on the unpublished opinion of Mason v. Commonwealth, 98 Vap UNP 0309972a (1998) (*en banc*), where this Court held that "'[e]xposure' means not only to 'lay open to view' but also to 'lay open to feel or to touch.'"

Appellant argues that not only was Mason wrongly decided, but this Court's decision in Moses v. Commonwealth, 45 Va. App. 357, 611 S.E.2d 607 (2005) (*en banc*), invalidates Mason and controls the outcome of this case.

In Mason, defendant was charged with taking indecent liberties with a minor in violation of Code § 18.2-370.  The evidence showed that in one incident, defendant rubbed his penis on the victim's vagina.  He also tried to insert his penis into her vagina, but he did not succeed because she moved away from him.  The incident happened at night in an unlit room.  On another occasion involving another victim, appellant tried to insert his "private part" into the victim's "private part."  This incident also occurred at night in an unlit room.

---

[3] During this time period the victim was in the ninth grade.

[4] During this time period the victim was in the ninth grade.

In that case, Mason argued that although the victims felt his penis touching them, he did not "expose" himself because the victims did not visually observe the penis. This Court disagreed with Mason, explaining that a common usage of the word "expose" also encompasses a meaning of more than just laying open to view. Mason, 98 Vap UNP 0309972a.

Appellant urges that we reject the holding of Mason in favor of this Court's decision in Moses. In that case, Moses masturbated in front of young girls without actually exposing his bare penis to their sight. This Court determined that under the indecent exposure statute, Code § 18.2-387, "display" must mean something different than "expose." The Court noted that "[i]f 'exposure' can only mean some degree of nudity, then 'display' necessarily means something different. And so it does." Moses, 45 Va. App. at 363, 611 S.E.2d at 610. The Court concluded that even though Moses remained fully clothed, he nevertheless displayed himself obscenely in violation of the statute.

Appellant contends that to have meaning after Moses, "exposure" must mean a visual display of a penis. Moses does not invalidate the holding in Mason.

"Expose" is defined as to "lay open to view, lay bare, make known, exhibit." Webster's Third New Intenational Dictionary 802 (1981). Based on this definition, we find no compelling reason to conclude that the display of nudity must be limited to a *visual* display. Indeed, if exposure is defined as "make known" or "lay bare," such a definition encompasses a tactile exposure as well as visual.

In Moses, appellant displayed, or made obvious, a penis covered by clothing. There was neither visual nor tactile contact with a bare, or "exposed" penis. Moses simply distinguishes between a naked penis and one covered by clothing. Here, as in Mason, the victim was in physical contact with a naked penis. From the victim's perspective, appellant's penis was exposed by touch to the victim's hand. We find that is sufficient to establish exposure.

"Although an unpublished opinion of the Court has no precedential value, a court . . . does not err by considering the rationale and adopting it to the extent it is persuasive." Fairfax Cnty. Sch. Bd. v. Rose, 29 Va. App. 32, 39 n.3, 509 S.E.2d 525, 528 n.3 (1999) (*en banc*) (citation omitted); see also Rule 5A:1(f) ("The citation of judicial opinions, orders, judgments, or other written dispositions that are not officially reported . . . is permitted as informative, but shall not be received as binding authority.").

We find the reasoning in Mason persuasive, in that "expose" means not only to lay bare to view, but to feel or touch. This conclusion is consistent with the dictionary definition of "expose." Further, to limit exposure to visual observation unduly limits the behavior that the statute intends to prevent. Children should not be subjected in any sensory capacity to the sexual or genital parts of an adult who harbors lascivious intent.

In this case, the victim testified, essentially, that on each occasion he was forced to touch appellant's bare penis with his hand, although sometimes it was done inside appellant's clothing and in the dark with his eyes closed.[5] While not always exposed to the victim's eyesight, appellant's bare penis was unquestionably exposed to the victim's sense of touch. We conclude that because appellant "made known" his bare penis to the victim's touch, he physically and tactilely exposed his penis to the victim.

### Sufficiency

Appellant's assignment of error states, "Because the evidence was untied to any particular indictment by a bill of particulars or at trial, the evidence was insufficient to convict on any indictment, the appellant's double jeopardy right has been violated, and he was unable to properly prepare or present an alibi defense."

---

[5] Under the facts of this case, it is reasonable for the trial court to infer that the victim was touching appellant's bare penis.

Appellant argues that because the victim was unable to recall the exact dates of any particular incident, the evidence was insufficient to connect any testimony to any particular indictment.[6] The Commonwealth responds that an indictment is not invalid if it omits or misstates the time at which an offense occurs when time is not an element of the offense.

When presented with a sufficiency challenge on appeal, we review the evidence in the "light most favorable" to the Commonwealth. Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003). This principle requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (emphasis and citation omitted). "'This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" Kelly v. Commonwealth, 41 Va. App. 250, 257-58, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Thus, we do not "substitute our judgment for that of the trier of fact" even if our opinion were to differ. Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002).

Indictment Number 2 (January 1 – September 3, 2010)

The victim testified that appellant abused him "throughout" eighth grade. During these times, appellant would "take [victim's] hand and put it on" appellant. According to the record, the victim was in eighth grade from September of 2009 until June of 2010. Indictment 2 alleges

---

[6] Appellant recites the standard of review for sufficiency is review *de novo*. He reasons that his argument is not simply one of sufficiency of the evidence, rather, it is an argument based upon "pure legal claims" challenging the indictments. We disagree. Clearly, the wording of his assignment of error, along with the argument presented in his opening brief, presents us with an issue of sufficiency which is deferentially reviewed by this Court to determine whether the record contains evidence to support the trial court's conclusions.

an offense date between January 1, 2010 through September 3, 2010.  The victim clearly testified that appellant had inappropriate contact with the victim during the eighth grade, which includes January 1 through the end of the school year.  Additionally, appellant admitted fondling the victim eight times between March 2010 and August 2010.  The trial court was free to accept this testimony in part, i.e., that appellant and the victim were together during this time period, while rejecting it in part, i.e., that nothing more than appellant touching the victim occurred.  The trier of fact is not required to accept a witness' testimony, but instead is free to "rely on it in whole, in part, or reject it completely."  Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991).  Therefore, we find the evidence sufficient to sustain the allegation contained in indictment number 2.

### Indictment Number 3 (September 4 - December 31, 2010)

Indictment 3 alleges an offense date of September 4, 2010 through December 31, 2010.  The victim testified that the incidents of appellant placing the victim's hand on appellant's penis still occurred "when [he] started the ninth grade."  Because appellant testified that he sent the victim a text message on September 7, 2010 asking, "How was your first day of school[,]" the fact finder could reasonably conclude the victim started ninth grade on September 7, 2010.  Thus, the evidence proves that appellant had contact with the victim from as early as September 7, 2010 and continuing into the ninth grade school year.  Clearly, this time period is within the time frame alleged in indictment number 3.

### Indictment Number 4 (January 1 – September 3, 2011)

Indictment 4 alleges appellant exposed himself between January 1 and September 3 of 2011.  Despite giving conflicting accounts of what occurred during the last incident, the victim responded to the question of whether appellant placed the victim's hand on appellant's penis, "If I had to say today, for the court officially, I would say yes."  There was also conflicting evidence

as to whether this incident took place on September 2, 3 or 4. At trial, the victim stated that the last incident occurred on September 2, 2011. Based upon the victim's testimony at trial, the fact finder was entitled to conclude that the final incident occurred on September 2, 2011 and that during this last meeting the appellant caused the victim's hand to be placed upon his penis. These facts prove the allegation contained in indictment number 4.

Thus, we conclude that the record contains sufficient evidence to sustain the allegations contained in each of the aforementioned indictments.

Appellant argued his double jeopardy rights were violated because no testimony clearly established that any crime fit within any particular indictment. Citing Valentine v.Konteh, 395 F.3d 626 (6th Cir. 2005), appellant asserts that nothing at trial distinguished the proof under one indictment from the proof under another. While arguing that the victim's testimony made it next to impossible to determine for what separate acts the defendant was convicted, and created the "real possibility" that he was subjected to double jeopardy by being punished multiple times for what may have been the same offense, the victim's testimony clearly carved out specific offenses within specific time periods. The trial court was therefore able to relate a specific incident to each particular indictment.

Unlike Valentine, each indictment did not charge multiple, identical offenses. Each indictment alleged that a violation of Code § 18.2-370 had occurred within a specific, different time period. Despite the overlap of some of the evidence, as stated above, the victim described distinct acts that occurred during the specific periods of time alleged in each indictment.

Our conclusion is supported by counsel's statement at trial that indictments 2, 3, and 4 "represent one offense per [time] period." While counsel argued that the offenses overlapped, his statement suggests otherwise.

Although the victim was unable to recall specific dates of each offense, we find the time frames supplied by the victim to be sufficient to identify a particular event with each indictment. Code § 19.2-220 provides in pertinent part that every indictment "shall [contain] a plain, concise and definite written statement . . . reciting that the accused committed the offense on or about a certain date." Code § 19.2-226 further provides that "[n]o indictment or other accusation shall be quashed or deemed invalid . . . [f]or omitting to state, or stating imperfectly, the time at which the offense was committed when time is not the essence of the offense . . . ." In sexual offenses, where "there is no dispute that the crime, assuming it occurred, involved a minor child" or a child beneath the age specified by the applicable statute, "[t]he allegation of time . . . is not of such constitutional import because time was not of the essence of the offense charged." Clinebell v. Commonwealth, 3 Va. App. 362, 367, 349 S.E.2d 676, 679 (1986), aff'd in part and rev'd in part on other grounds, 235 Va. 319, 368 S.E.2d 263 (1988); see also Waitt v. Commonwealth, 207 Va. 230, 235, 148 S.E.2d 805, 808 (1966) (holding time not of the essence in statutory rape case where age of victim not in dispute).

While the victim only described details of the assaults without providing specific dates for the sexual abuse, this Court has not required such specificity.

> "To require that a child *or any witness* be able to recall the exact date an event occurred in his or her life in order to obtain a conviction would too often preclude prosecutions in this type of case where the victims are children and the crimes are not discovered until some time after their commission. The Commonwealth's case would too often fail because it could not specify the exact date of the offense against the child. It is this same reasoning which permits the Commonwealth to prove the commission of the crime charged on a date different than that alleged in the indictment."

Clifford v. Commonwealth, 48 Va. App. 499, 518-19, 633 S.E.2d 178, 187 (2006) (emphasis

added) (quoting Marlowe v. Commonwealth, 2 Va. App. 619, 625-26, 347 S.E.2d 167, 171

(1986)), rev'd on other grounds, 274 Va. 23, 645 S.E.2d 295 (2007).[7]

Appellant also asserts that because of the nature of the indictments he was unable to

assert an alibi defense. The record militates against this argument. Appellant provided extensive

evidence at trial that he could not have had any contact with the victim on many of the days set forth

in the indictments. He testified that the touchings occurred between August and September of 2010

and that he was sure he was not at the victim's house from March through August of 2010.

Furthermore, in his motion to set aside the verdict appellant presented additional, detailed evidence

of his whereabouts on several specific occasions.

Appellant also argues that the trial court erred in not ordering the Commonwealth to

provide him with a bill of particulars. Appellant's assignment of error states that "because the

evidence was untied to any particular indictment by a bill of particulars or at trial, the evidence

was insufficient to convict on any indictment . . . ." We conclude that argument assigns error to

the sufficiency of the evidence and not to the court's refusal to order the Commonwealth to file a

bill of particulars. Therefore, we find this argument waived on appeal.

Rule 5A:20(c) requires us to hold that this issue is waived because it is not part of

appellant's assignment of error. See Winston v. Commonwealth, 51 Va. App. 74, 82, 654 S.E.2d

340, 345 (2007) (holding that because an appellant did not include an argument in his questions

presented (now assignments of error), the Court would not address it on appeal); see also

Hillcrest Manor Nursing Home v. Underwood, 35 Va. App. 31, 39 n.4, 542 S.E.2d 785, 789 n.4

---

[7] Appellant argues that because of the victim's age and intellect, he should not be considered a child witness. However, as Clifford points out, the latitude afforded a victim in crimes of this nature applies to "any witness" and is not limited to children. We therefore do not address this argument.

(2001) (declining to consider an issue on appeal because it was not "expressly stated" in the questions presented (now assignments of error)).

## CONCLUSION

For the foregoing reasons, we find the indictments adequately identify the time frames of each of the alleged offenses and that the trial court correctly found that appellant exposed his penis to the victim, as contemplated by the statute.  Accordingly, appellant's convictions are affirmed.

Affirmed.