COURT OF APPEALS OF VIRGINIA

Present:    Judges McCullough, Huff and Senior Judge Haley
Argued at Chesapeake, Virginia

ANTONIO BOBBY WRIGHT

v.        Record No. 0758-13-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE JAMES W. HALEY, JR.
MAY 20, 2014

FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Kenneth R. Melvin, Judge

(Michael J. Massie; Massie Law Group, on brief), for appellant.
Appellant submitting on brief.

Robert H. Anderson, III, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


I.

Code § 18.2-308.4(C) states, in relevant part, that it is "unlawful for any person to possess, use, or attempt to use any pistol, shotgun, rifle, or other firearm . . . while . . . [in] possession with the intent to manufacture, sell, or distribute . . . more than one pound of marijuana . . . ."

Antonio Bobby Wright ("appellant") was convicted of possession of marijuana with intent to distribute, in violation of Code § 18.2-248.1, in the requisite amount, and possession of a firearm while in possession of marijuana with intent to distribute, in violation of Code § 18.2-308.4(C). Each indictment alleged an offense date of December 23, 2011.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

II.

Appellant filed a petition for appeal as to each conviction and challenged the sufficiency of evidence for each charge. Pursuant to Code § 17.1-407(C), a one-judge *per curiam* order of this Court, dated October 11, 2013, denied the petition as to the Code § 18.2-248.1 conviction, but granted the petition as to the Code § 18.2-308.4(C) conviction.

Appellant requested review of the denial, pursuant to Code § 17.1-407(D), by a three-judge panel of this Court. By order dated November 27, 2013, the three-judge panel adopted the reasoning of the *per curiam* order and upheld the denial of the appeal concerning the Code § 18.2-248.1 conviction.

Despite these two decisions, appellant continues to argue on brief that the evidence was insufficient for his conviction under Code § 18.2-248.1. However, "[o]nly those arguments presented in the petition for appeal and granted by this Court will be considered on appeal." McLean v. Commonwealth, 30 Va. App. 322, 329, 516 S.E.2d 717, 720 (1999) (*en banc*) (citing Rule 5A:12(c); Cruz v. Commonwealth, 12 Va. App. 661, 664 n.1, 406 S.E.2d 406, 407 n.1 (1991)). See also Commonwealth v. Brown, 279 Va. 235, 240, 687 S.E.2d 742, 744 (2010); Clifford v. Commonwealth, 274 Va. 23, 25, 645 S.E.2d 295, 297 (2007); Sigler v. Commonwealth, 61 Va. App. 674, 675 n.1, 739 S.E.2d 272, 273 n.1 (2013).

Accordingly, appellant's arguments are limited to those issues about which this Court has granted an assignment of error. For this reason, we will not consider or address any challenge to appellant's conviction for violation of Code § 18.2-248.1.

III.

Appellant's conviction for possession of marijuana with intent to distribute thus becomes the law of the case in this appeal. On brief, appellant concedes the evidence suffices to establish his possession of a firearm on December 23, 2011. "The evidence fully supports the defendant's

position that he possessed the weapon at the front of the house . . . ." Appellant's Brief at 7-8. Both possessions are established – one by law, one by concession. Consequently, the issue narrows as to whether those possessions were simultaneous.[1]

IV.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

At 12:30 a.m. on December 23, 2011, Norfolk police responded to reports of gunfire at appellant's residence.[2] Appellant told the police he took a gun, walked outside, and exchanged fire with people in his yard. A .9 millimeter handgun and spent shells were found in the driveway of appellant's residence. Appellant admitted the handgun was his and the one he used in the exchange.

Against the residence, the police noticed an apparently abandoned Cadillac, the trunk of which had been pried open. The police also found a crowbar in a neighboring yard. The trunk contained twenty-five bags of marijuana, weighing approximately a pound apiece, and empty Ziploc bags. At the scene, appellant told Detective John Humphries that "the marijuana is his,

---

[1]     Although the General Assembly chose to use the word "while" in Subsection (C) rather than "simultaneously" which it used in Subsections (A) and (B), there is no meaningful difference between the two words. "While" is defined as "during the time that," and "simultaneous" is defined as "existing or occurring at the same time." Webster's Third New International Dictionary 2604, 2122 (1993). Thus, both have the temporal meaning of "at the same time."

Wright v. Commonwealth, 278 Va. 754, 759, 685 S.E.2d 655, 657 (2009).

[2] He occupied a room in his grandparents' home.

- 3 -

but it isn't his." Concerned that his grandparents might also be charged, appellant told Detective Humphries, "You can charge me for the drugs." In appellant's bedroom, the police found $49,040 in cash, more marijuana, and Ziploc bags similar to what was found in the trunk of the Cadillac.

Appellant had been injured in the exchange of gunfire and taken to the hospital. There, during an interview with Detective Rodney Perkins, appellant wanted to know if the marijuana was still in the trunk. Detective Perkins responded that it was still there, but would not be there for long. He left appellant in the hospital at approximately 2:15 a.m.

That same night, Officer M. Beerwart had been dispatched to secure the scene and observe the Cadillac to make sure no one tampered with the drugs in the trunk. At approximately 4:30 a.m., Beerwart saw appellant walking from the backyard toward the Cadillac. Despite the cold weather, appellant was wearing only a hospital gown and a hairnet and had his arm in a sling. He walked to within arm's length of the trunk when the officer confronted him.

V.

In order to be simultaneous, appellant maintains the possession of the drugs and the firearm must be actual possession at the same discrete point in time. We disagree.

"[A]ctual possession of both the firearm and the controlled substance is not required by the wording of Code § 18.2-308.4. Constructive possession of either or both is sufficient for conviction." Jefferson v. Commonwealth, 14 Va. App. 77, 80, 414 S.E.2d 860, 862 (1992); see also Atkins v. Commonwealth, 57 Va. App. 2, 22, 698 S.E.2d 249, 259 (2010) (Code § 18.2-308.4 allows for actual or constructive possession of the firearm).

In Morris v. Commonwealth, 51 Va. App. 459, 467, 658 S.E.2d 708, 712 (2008), we wrote:

"Possession is by nature a continuing offense." Jordan v. Virginia, 653 F.2d 870, 875 (4th Cir. 1980). See also United States v. Muhammad, 502 F.3d 646, 653 (7th Cir. 2007) (distribution and possession with intent to distribute are continuing crimes); United States v. Medina, 992 F.2d 573, 587 (6th Cir. 1993) ("Possession with intent to distribute a controlled substance is a continuing offense . . . .")[.]

"'A continuing offense is a continuous, unlawful act or series of acts set on foot by a single impulse and operated by an unintermittent force, however long a time it may occupy. . . .'" Thomas v. Commonwealth, 38 Va. App. 319, 324-25, 563 S.E.2d 406, 409 (2002) (quoting United States v. Midstate Horticultural Company, 306 U.S. 161, 166 (1939)).

Likewise, possession of a firearm is a continuing offense, albeit "each separate incident of possession of a firearm by a convicted felon proven by the Commonwealth establishes a new offense . . . ." Baker v. Commonwealth, 284 Va. 572, 577, 733 S.E.2d 642, 645 (2012).

In Wright v. Commonwealth, 278 Va. 754, 685 S.E.2d 655 (2009), Wright was convicted of possession of a controlled substance with intent to distribute and possession of a firearm while in possession of a controlled substance with intent to distribute. He was arrested at his car in possession of drugs with intent to distribute. Id. at 756, 685 S.E.2d at 655-56. That same day, police recovered a firearm and drugs at Wright's residence, five miles away. Id. at 756-57, 685 S.E.2d at 656. On appeal, Wright argued that "a conviction under Code § 18.2-308.4(C) requires the Commonwealth to prove actual, simultaneous possession of both the drugs and the firearm." Id. at 757, 685 S.E.2d at 656. The Supreme Court of Virginia rejected this argument: "Nothing in Code § 18.2-308.4(C) suggests the construction advanced by Wright."[3] Id. at 759, 685 S.E.2d at 657.

_____

[3] In addition, the Supreme Court of Virginia held that the Commonwealth need not prove any "nexus," that is, any supportive connection between possession of the firearm and possession of the drug. "In the absence of any statutory language supporting the requirement of a 'nexus' between possession of the firearm and the illegal activity, we cannot impose such a requirement in prosecutions under this Code section." Wright, 278 Va. at 761, 685 S.E.2d at 658.

Here, appellant makes the same argument as Wright. As noted above, appellant's possessions of drugs and a firearm are established by law and by concession. Those possessions may be actual or constructive, and the concurrence of the two need not be at the same discrete moment in time. The time frames are limited only by the time frames set forth in the respective indictments, and both indictments alleged an offense date of December 23, 2011.

For these reasons, the trial court is affirmed.

<u>Affirmed.</u>