UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Decker, Judges Ortiz and Callins
Argued by videoconference


COMMONWEALTH OF VIRGINIA
                                                    MEMORANDUM OPINION* BY
v.        Record No. 0941-25-2              JUDGE DOMINIQUE A. CALLINS
                                                         NOVEMBER 18, 2025
JESTIN TERREL EDWARDS


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Jacqueline S. McClenney, Judge

Justin M. Brewster, Assistant Attorney General (Jason S. Miyares,
Attorney General, on briefs), for appellant.

Abigail L. Paules (Whaley Paules, LLC, on brief), for appellee.


The circuit court granted the motion of Jestin Terrel Edwards to suppress evidence

discovered following a protective sweep of his vehicle during a traffic stop. On appeal, the

Commonwealth argues the circuit court erred in suppressing the evidence because the protective

sweep was justified by the officer's reasonable articulable suspicion that Edwards was dangerous

and might gain access to a weapon. Because we hold the Commonwealth's assignment of error

is waived, we affirm the judgment of the circuit court.

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND[1]

A grand jury indicted Edwards on certain drug and firearm offenses after officers discovered narcotics and firearms while conducting a protective sweep during a traffic stop. As justification for the protective sweep, the arresting officer cited Edwards's brief, slow drive through a parking lot before pulling over, the "high crime" location of the traffic stop, the tinted windows, an observation of "some sort of weight change going on in the vehicle," and the revelation of "weapons charges" upon running Edwards's driver's license. Edwards moved to suppress the evidence, arguing the arresting officer lacked reasonable articulable suspicion to justify the protective sweep. The circuit court agreed with Edwards, stating that "the [o]fficer's own actions . . . d[id]n't suggest in any way . . . that there was reasonable articulable suspicion for the protective sweep."

The Commonwealth petitioned for a pre-trial appeal under Code § 19.2-398(A)(2). Her petition assigned error to the circuit court's suppression of the evidence insofar "as the police had reasonable, articulable suspicion that [Edwards] was dangerous and might access the vehicle to gain control of [a] weapon." She argued several facts supported the arresting officer's decision to conduct a protective sweep and that the officer made strategic choices "consistent with" the presence of reasonable articulable suspicion, implying that his subjective intentions were a relevant consideration. We granted this appeal.

ANALYSIS

On brief, the Commonwealth assigns error to the same ruling of the trial court as identified in her petition. Diverging from her petition, however, the Commonwealth now asserts

---

[1] When the Commonwealth appeals pursuant to Code § 19.2-398, we review the record in the light most favorable to the defendant as the prevailing party below. *Commonwealth v. Grimstead*, 12 Va. App. 1066, 1067 (1991). We also "grant [the defendant] all reasonable inferences fairly deducible from that evidence." *Id.*

the circuit court erroneously "employed a subjective standard to determine whether there was reasonable suspicion" and that it "failed to consider the totality of the circumstances."

When the statutory process for appeal requires filing a petition pursuant to Rule 5A:12, "[t]his Court is limited to reviewing the assignments of error presented by the litigant." *Banks v. Commonwealth*, 67 Va. App. 273, 289 (2017); *see* Code §§ 19.2-398, -400; Rule 5A:12(c)(1). "Consequently, we do not consider issues touched upon by the appellant's argument but not encompassed by his assignment of error." *Banks*, 67 Va. App. at 290. Relevant here, when parties use a "because" clause, our review is limited by their self-imposed parameters. *Albritton v. Commonwealth*, 299 Va. 392, 412 (2021) (opining that "[u]sed as a subordinating conjunction, 'because' links the error to the" specific argument).

Here, the Commonwealth's assignment of error used "as," which functions to impose a "because clause." She assigned error to the circuit court's suppression "*as* the police had reasonable, articulable suspicion that [Edwards] was dangerous and might access the vehicle to gain control of [a] weapon." (Emphasis added). When used in the middle of the sentence, the word "as" is causal and functions like a "because" clause. *See* Bryan A. Garner, *Garner's Dictionary of Legal Usage* 80 (3d ed. 2011) (stating that "[b]ecause is the strongest and most logically oriented" causal word to use in place of "as"). Therefore, by using "as," the Commonwealth limited herself to the parameters of the argument that "the police had reasonable, articulable suspicion that [Edwards] was dangerous and might access the vehicle to gain control of [a] weapon."

Indeed, on petition, the Commonwealth argued the existence of reasonable suspicion to justify the protective sweep without raising her objectivity argument. She emphasized on petition that the arresting officer's actions were "consistent with a reasonable articulable suspicion" based on Edwards's conduct. Thus, to consider the Commonwealth's objectivity

argument—which challenges the decisional standard as opposed to the sufficiency of the evidence to comply with the Fourth Amendment's mandates—requires us to substantively alter her assignment of error. *See Commonwealth v. Herring*, 288 Va. 59, 71 (2014) ("[O]nce this Court grants an assignment of error in a petition for appeal, no party may thereafter alter the substance of that assignment of error without the permission of this Court—be it in a brief or at oral argument."). This we cannot do. Therefore, since the assignment of error is limited to the parameters of a "because" clause and the arguments in the petition, the Commonwealth waives her objectivity argument. *See Clifford v. Commonwealth*, 274 Va. 23, 25 (2007) ("Only those arguments presented in the petition for appeal and granted by this Court will be considered on appeal." (quoting *McLean v. Commonwealth*, 30 Va. App. 322, 329 (1999) (en banc))).[2]

Additionally, the Commonwealth's brief does not adequately analyze the trial court's ruling in the context of the assignment of error granted by this Court or explain how a finding of error would entitle her to relief, and we hold that this omission is significant on the procedural posture of this case. *See Epps v. Commonwealth*, 59 Va. App. 71, 76 n.6 (2011) (applying Rule 5A:20(e) to find a waiver where the brief did not contain adequate argument or authority and the omission was significant); *cf. Johnson v. Commonwealth*, 45 Va. App. 113, 115-18 (2005) (declining to review an assignment of error where a favorable ruling on it would not entitle the appellant to relief). Consequently, we do not reach this issue.

Finally, the Commonwealth argues that the challenged weapons sweep itself did not produce any evidence. The Commonwealth asks us to remand to the trial court to determine whether the items found in a search of Edwards and his car, after he fled the scene and was

---

[2] Courts treat Rule 5:17(c) and Rule 5A:12(c) as analogous to each other. *Clifford*, 274 Va. at 25; *Chatman v. Commonwealth*, 61 Va. App. 618, 633 (2013) ("Rule 5:17 is the Supreme Court's counterpart to this Court's Rule 5A:12.").

apprehended, were "suppressible fruits" of the weapons sweep.  The Commonwealth, however, did not make this argument below, and it is not encompassed by the granted assignment of error or argument in the petition for appeal.  *See Clifford*, 274 Va. at 25 (applying Rule 5A:12); *Osman v. Commonwealth*, 76 Va. App. 613, 672 (2023) (observing that "appellate review of an objection not 'stated with reasonable certainty at the time of the ruling' by the trial court" is "preclude[d]" (quoting Rule 5A:18)); *Jones v. Commonwealth*, 71 Va. App. 597, 607 n.9 (2020) (noting that this Court does not apply the good-cause and ends-of-justice exceptions to Rule 5A:18 sua sponte).  As a result, it is also barred.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the circuit court.

*Affirmed*.